UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABIGAIL NICHOLS,

           Plaintiff,

           v.

**300 M STREET DEVELOPMENT GROUP**, *et al.*

           Defendants.

Case No. 1:25-cv-00138 (TNM)

## MEMORANDUM ORDER

Plaintiff Abigal Nichols sued the managers of her apartment building on behalf of a purported class of tenants in a local court for violating the D.C. Consumer Protection Procedures Act, D.C. Code §§ 28-3901 *et seq*. Defendants 300 M Street Development Group and LCOR Asset Management Limited Partnership removed the action here, citing the Class Action Fairness Act, 28 U.S.C. § 1332(d), as the basis for subject matter jurisdiction. Nichols then amended her Complaint to excise the class action allegations. Now, she moves to remand, arguing that the jurisdictional hook has been eliminated. The Court disagrees. The practical import of Nichols's amendment was to reduce the amount in controversy. Post-removal adjustments to the amount in controversy do not divest a federal court of jurisdiction.

**I.**

Nichols is a tenant at Cielo Modern Residences, an apartment building here in D.C. Class Action Compl., ECF No. 1-1, at 2. She sued the managers of her apartment building—300 M Street Development Group and LCOR Asset Management Limited Partnership—in the Superior Court of the District of Columbia late last year. *Id.* at 1. She alleged that Defendants charge illegal fees and expenses in violation of the D.C. Consumer Protection Procedures Act

("CPPA"). *Id.* ¶¶ 76–83. She sought damages, injunctive relief, and attorney's fees on behalf of herself and a putative class of Cielo tenants. *Id.* ¶¶ 69, 83.

Defendants filed a timely Notice of Removal to this Court. Notice of Removal, ECF No. 1. They asserted removal was proper under the Class Action Fairness Act ("CAFA"), 18 U.S.C. § 1332(d). Notice of Removal ¶¶ 5–15. Nichols then amended her Complaint to delete all class allegations and expressly repudiate any claims on behalf of a class. First Amended Complaint ("FAC"), ECF No. 14, ¶ 75. In her FAC, Nichols "only seeks monetary damages on an individual basis for herself and not on behalf of any other person." *Id.* And "[a]s to injunctive relief, Plaintiff seeks such relief on behalf of the general public as a private attorney general as authorized by the CPPA." *Id.*

The same day she amended her Complaint, Nichols filed the instant motion to remand. Mot. Remand, ECF No. 15-1. She argues that her FAC extinguishes CAFA jurisdiction and ousts this Court of jurisdiction. *Id.* at 3–5. And she insists that there is no general diversity jurisdiction, as the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is not met. *Id.* at 5–6. Defendants oppose remand. Opp'n Br., ECF No. 18. They claim that post-removal deletion of CAFA allegations does not divest a federal district court of subject matter jurisdiction. *Id.* at 6–8. Alternatively, they posit that general diversity jurisdiction exists under Nichols's FAC, even without the class action allegations. *Id.* at 8–15. The motion is ripe for review.

## II.

Removal is proper only if the case could have been brought in federal court to begin with. 28 U.S.C. § 1441(a). In other words, the court must have subject matter jurisdiction over the case. *District of Columbia v. Elevate Credit, Inc.*, 554 F. Supp. 3d 125, 134 (D.D.C. 2021).

"When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case." *Rep. of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002).

Federal subject matter jurisdiction is set forth generally at 28 U.S.C. §§ 1331 and 1332. Section 1331 confers jurisdiction over controversies presenting a "federal question." 28 U.S.C. § 1331. Section 1332 bestows diversity jurisdiction, opening the doors to federal court "where the amount in controversy exceeds the sum or value of $75,000," and is between, as relevant here, "citizens of different States." 28 U.S.C. § 1332(a).

CAFA expanded diversity jurisdiction for class action suits. *See* 14B C. Wright & A. Miller, *Federal Practice and Procedure* § 3724 ("Insofar as CAFA creates original jurisdiction over cases that previously were beyond federal diversity subject-matter jurisdiction, the Act enlarges the universe of cases that may be removed pursuant to [28 U.S.C.A. § 1441]."). It offers district courts original jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000" and in which, as relevant here, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). To meet the amount in controversy, the class members can aggregate their claims together. *Id.* § 1332(d)(6).

So CAFA makes it easier for class actions to get into federal courts in two ways. First, it overrides the strong non-aggregation principle present in general diversity cases. *See* 7A Wright and Miller §§ 1659, 1756, 1756.2; *see also Flaherty v. Hello Prods. LLC*, 2025 WL 964069, at *11 (N.D. Ill. Mar. 31, 2025) (CAFA "provides a more promising path to jurisdiction in cases like this one, where there are a large number of putative class members but each member's claim is relatively small."). Second, it imposes only a minimal requirement of diversity of citizenship,

3

not the complete diversity rule to which other actions are subject.  *Compare* 28 U.S.C. § 1332(a) *with id.* § 1332(d)(2).

### III.

Even after amendment, the Court retains subject matter jurisdiction over this case.  So remand is unwarranted.

"[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938).  Where, "as here, the plaintiff after removal . . . by amendment of [her] pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."  *Id.* at 292.  That teaching controls here.

This Court originally had jurisdiction over Nichols's Class Action Complaint under CAFA.  28 U.S.C. § 1332(d).  Nichols alleged numerosity, commonality, typicality, adequacy, predominance, and superiority.  Class Action Compl. ¶¶ 68–75.  Thus the suit qualified as a "class action" under CAFA.  28 U.S.C. § 1332(d).  More, the proposed class consisted of over 100 members, satisfying 28 U.S.C. § 1332(d)(5)(B).  *See* Class Action Compl. ¶ 69 (naming five proposed classes, four of which consist of "[a]ll current and former tenants of Cielo"); Aff. E. Copeland, ECF No. 1-2, ¶¶ 2, 4 ("[T]here have been 22 months in which building occupancy is over 100 units.").  Further, the amount in controversy was met.  The CPPA permits recovery of "treble damages, or $1,500 per violation, whichever is greater."  D.C. Code § 28-3905(k)(2)(A)(i).  Applying this standard to just one of Nichols's proposed classes, 346 occupants each paid $1,500 per month for 22 months, meaning the Class Action Complaint sought at least $11,451,000—well over the required $5,000,000 in damages.  Class Action

4

Compl. ¶ 69 (including in a class "[a]ll current and former tenants of Cielo who paid Trash Fees within three years preceding the filing of this action"); *id.* ¶ 26 (trash fee is monthly); Aff. E. Copeland ¶ 7 (average occupancy rate of 347 units over this period). Finally, minimal diversity was met by considering the citizenship of Nichols herself. She is a D.C. resident. Class Action Compl. ¶ 1. Defendants have citizenship in Delaware and Pennsylvania. *Id.* ¶¶ 2–3. In short, jurisdiction "attached." *St. Paul Mercury*, 303 U.S. at 293.

When Nichols amended her Complaint to remove the class action allegations, the practical effect was to reduce her suit below the amount in controversy requirement.[1] Through CAFA, Nichols could aggregate her claims with those of absent class members to assert damages in the several millions. But when the class allegations were stripped away, she was left claiming individual damages of about $62,940.92. Mot. Remand at 6. And "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury*, 303 U.S. at 289–90.

Nichols protests. She argues that *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), governs subject matter jurisdiction in a case when a plaintiff amends her complaint after removal. But *Royal Canin* does not control here. There, the Supreme Court held that "[w]hen a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves." *Id.* at 39. In doing so, the Supreme Court recognized two other circumstances in which jurisdiction in removed cases depends not on the original complaint but on the amended pleadings. First, "in removed cases . . ., amending a complaint to add a federal claim creates federal jurisdiction when it did not previously exist." 604 U.S. at 37. Thus "even if removing a case was improper because the initial complaint did not contain a federal claim, the plaintiff's

---

[1] The Court puts aside Defendants' assertions that the amount in controversy is still met here and assumes as true for this motion that the FAC seeks relief in a sum less than $75,000.

5

later assertion of such a claim establishes jurisdiction going forward." *Id.* at 37–38.  Second, in removed cases based on diversity jurisdiction, "amending a complaint to join a non-diverse party destroys diversity jurisdiction." *Id.* at 38.  Thus "if such a joinder occurs after removal, the federal court must remand the case to the state court it began in." *Id.*  So the Court concluded that, in those cases, "federal jurisdiction—or its absence—follows from the *amended* complaint," rather than the original complaint.  *Id.* (emphasis added).

Nichols insists that these principles apply to her attempts to amend away CAFA jurisdiction.  She claims that *Royal Canin* recognizes that a plaintiff can "amend her complaint to divest federal courts of . . . diversity jurisdiction."  Mot. Remand at 4.  And "as CAFA jurisdiction is a variant of diversity jurisdiction, it, too, may be dissolved through amendment."  *Id.*

Not so fast.  *Royal Canin* expressly noted that its holding did not extend to *St. Paul Mercury*.  That is, *Royal Canin* acknowledged that "[i]n both original and removed cases, an amendment reducing the alleged amount-in-controversy to below the statutory threshold . . . will usually not destroy diversity jurisdiction."  604 U.S. at 38 n.8 (citing *St. Paul Mercury*, 303 U.S. at 289).  The *Royal Canin* Court stressed that the *St. Paul Mercury* rule was "inapposite," as it "more concerns a fact on the ground—that is, the value of a suit—than it does the plaintiff's selection of claims and parties."  *Id.*  Plus, "the rule responds to the difficulties of assessing a suit's value and the likelihood that the calculation will change over the course of litigation."  *Id.*  Especially considering "that the alleged amount in controversy does not cap damages, constant litigation over the matter, having the potential to alter a court's jurisdiction, would be wasteful."  *Id.* (cleaned up).

The effect of Nichols's amendment was to adjust "the value of [her] suit." *Id.* With CAFA, she met the amount in controversy; without CAFA, she fell below the threshold. Even Nichols admits that she "never met the necessary amount-in-controversy" on her own. Mot. Remand at 1. By removing the class action allegations, Nichols did not place herself in any of the categories of post-removal amendments that *Royal Canin* recognized as divesting jurisdiction. She did not "excis[e] all federal claims"—then, as now, her claims rest on the CPPA. *Royal Canin*, 604 U.S. at 39. Nor did she "amend[] a complaint to *add* a federal claim." *Id.* at 37 (emphasis added). Nor did she "amend[] a complaint to join a non-diverse party." *Id.* at 38. Instead, she undid the way she cleared the amount-in-controversy hurdle: CAFA. That falls within *St. Paul Mercury* territory, not *Royal Canin*.

CAFA is unique among federal statutes. Typically, if a plaintiff excised a federal statute from her complaint, that would eliminate subject matter jurisdiction. Because usually, a federal statute confers *federal question* jurisdiction (at least when it creates the cause of action). *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). And under *Royal Canin*, once that federal hook is gone, so too is the district court's authority to resolve the case. But CAFA is different—it expands *diversity* jurisdiction. *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) ("CAFA significantly expanded federal jurisdiction in diversity class actions.") (cleaned up). So when a plaintiff fiddles with CAFA in a way to reduce her amount in controversy, *St. Paul Mercury* takes over.[2]

---

[2] Defendants cite *In re Burlington North Santa Fe Railway Co.*, 606 F.3d 379 (7th. Cir. 2010), and *In Touch Concepts, Inc. v. Cellco Partnership*, 788 F.3d 98 (2d Cir. 2015), in support of their opposition. While the outcome here reflects the outcomes in those cases, the Court does not rely on them. Much of the reasoning in those cases has been seriously undermined after *Royal Canin*. *See In re Burlington*, 606 F.3d at 380 ("The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction."); *In Touch Concepts*, 788 F.3d at 101–02 ("Since a post-removal amendment does not defeat federal jurisdiction premised on a federal question or on diversity, we cannot see why it would defeat federal jurisdiction under CAFA."). So the Court reasons from scratch.

The Court recognizes that this approach to removal jurisdiction in CAFA cases is functional. It requires courts to inquire into what Plaintiff accomplished when she eliminated her class action allegations. Indeed, the Court could imagine a situation when amending a complaint post-removal to eliminate CAFA jurisdiction may very well fall in the ambit of *Royal Canin*. Imagine, for instance, that a plaintiff and defendant were both Virginia residents, but the plaintiff's own claims were worth $100,000. Now imagine that she brought claims on behalf of a putative class comprised of individuals from across the region. Also assume the other CAFA requirements are met. If this plaintiff amended her complaint after removal to eliminate the class action allegations, the federal court very well may lose jurisdiction over her case. The practical outcome of amending away the class allegations was not to reduce the amount in controversy—per *St. Paul Mercury*—but to reimpose (and destroy) the complete diversity rule—per *Royal Canin*. Perhaps this would be a very different circumstance than the one here.

The Court only raises this possibility to note what it does not resolve. Nor does the Court resolve the stickier question of what would happen if the class allegations were ameliorating both amount in controversy and diversity of citizenship deficiencies. All the Court holds today is that when (1) the amount in controversy requirement depends on CAFA jurisdiction; but (2) the diversity of citizenship requirement is independently met; and (3) the plaintiff amends her complaint post-removal to eliminate class allegations, the federal district court is not divested of jurisdiction.

## IV.

For all these reasons, Plaintiff's [15] Motion to Remand is **DENIED.**

**SO ORDERED.**

Dated: May 15, 2025                                        TREVOR N. McFADDEN, U.S.D.J.